Judge Undekwood
— concurring with the Chief Justice : — , The principles which rule this case being questioned by Judge Nicholas, I am induced to state the grounds of my opinion. I shall do it in a few words.
“A .contract is an agreement, upon sufficient consideration, to do or not to do, a particular thing ” A man cannot pass a consideration from himself, to himself; and hence no man can make a contract with himself. The thing is impossible.
All persons who execute written contracts as obligors, must be regarded, if bound thereby, either as principals, or sureties. A man cannot, as principal, contract with himself, not only because he can pass no consideration to himself, upon which to base the contract, but likewise, because he is both morally and physically incapable of receiving from himself a payment of the debt contracted, and of coercing himself to perform by legal remedy. It is equally impracticable for a man to create an obligation to himself, as the surety for another. He cannot, by any device of the sort, make the debt due by the principal more safe. It is idle, therefore, to look upon a man as a surety to himself, for the debt which another owes him.
In this case, the question is,whether Shadburne is discharged from his written promise, because Allin signed the instrument as co-obligor to himself. Allin’s signature could impose no obligation upon him, to himself, for the reasons stated. How can his signature vacate Shad-burne’s covenant ? If a consideration passed from AHin *81 !ío Shadburne, then an essential ingredient to constitute a contract, exists as between them, and a promise or covenant founded thereon, ought, in justice, to be enforced. Why shall it be void if Allin performs the idle act of putting his signature to the instrument ? If a stranger had forged his signature to the instrument, the forgery would not vitiate the contract, and exonerate Shadburne. Allin, by putting his name as an obligor, can no more make it a contract with himself, than if his •name was forged. His signature, signed by himself or another, can neither benefit nor injure Shadburne. Wherefore then shall he be exonerated from the payment of the sum he has stipulated to pay, and for which, if he be principal, he has received an equivalent, according to legal presumption ? If he received no consideration, if he merely executed the instrument as surety for Allin, who, being executor, might have supposed that he •could, in his individual capacity, execute an obligation to himself as a fiduciary, then I think Shadburne is not bound. He might defend upon the ground, that there was no consideration : for if theré be no consideration passing to the principal, none can pass to him who signs as surety merely. There is no debt which Shadburne •can pay as surety for Allin, because All-in cannot owe himself.
Those who enter into obligations with infants, or femes ■covert., are^ bound by them, notwithstanding the infant co-obligor, or feme covert, is not ; and yet the obligors who are bound may insist with truth, that they would not have entered into the contract at all, had they known that tiie infant, or feme covert, could escape contribution. Nonage and coverture are facts of which we may be ignorant. The law allows no one to be ignorant of the principle, that a man canuot contract with himself. Consequently, there is more reason to exonerate a man from his obligation,when an infant, or feme covert; unites with him in its execution, than there is when the obligee perforins the idle act of signing as a co-obligor.
The effect of a note executed by a member of a firm, in the name of the firm, to a co-partner in his individual capacity, for goods or produce, did at first present *82 some difficulty. I do not deem it important now, to attempt explaining and elucidating it, because the present case is manifestly not one of that character, and it will be - time enough to dispose of that case when it comes.
Allin being styled executor in the obligation sued on, cannot render his signature as an obligor efficacious. That is merely descriptio personas.